UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UTICA MUTUAL INSURANCE COMPANY,	6:15-CV-270 (BKS/ATB)

        Plaintiff,

v.

R&Q REINSURANCE COMPANY,

        Defendant.

---

MARY BETH FORSHAW, ESQ., and CHRISTOPHER G. LEE, ESQ., for Plaintiff
JOHN F. FINNEGAN, ESQ. and ALLISON G. GOLD, ESQ., for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## ORDER

The court conducted a stenographically-recorded telephonic discovery conference on March 27, 2018, regarding the following motions:

- R&Q Reinsurance Company's ("R&Q") Motion for Reconsideration of this court's May 1, 2017 ruling denying R&Q access to internal documents of Utica Mutual Insurance Company ("Utica")[1] regarding its settlement negotiations with Burnham Corporation ("Burnham"), and related coverage issues and (Dkt. No. 127); and

- R&Q's Letter Motion requesting that the court overrule Utica's objection to

---

[1] Per the court's discussion during the March 27th conference, to the extent this Order refers to Utica, it also applies, as appropriate, to Resolute Management, Inc. ("Resolute") and National Indemnity Company ("NICO"), a subsidiary of Berkshire Hathaway Inc.

R&Q's proposed deposition of John Roda, Esq. of Burnham (Dkt. No. 134).

This court has considered the submissions of the parties[2] and the arguments of counsel during the March 27, 2017 discovery conference, as well as prior conferences referenced during the March 27th conference. For the reasons stated on the record during the March 27th conference, as well as prior conferences specifically referenced during the March 27th conference, and subject to the further guidance provided by the court during those conferences, it is hereby **ORDERED** that:

A. R&Q's Motion for Reconsideration (Dkt. No. 127) is **GRANTED IN PART**, in that:

1. Utica will be required to disclose, to R&Q, non-privileged documents[3], for the period between January 1, 2016 and March 1, 2018, reflecting internal observations of, and/or communications between, personnel of Utica, Resolute, and/or NICO (including in-house counsel), relating to the efforts of Utica and Resolute to negotiate and finalize a coverage-in-place agreement ("CIP") with Burnham Corporation relating to asbestos claims.

2. Utica will be required to disclose, to R&Q, non-privileged documents, for the period between July 1, 2015 and March 1, 2018, reflecting internal

---

[2] During the March 27th conference, the court cited all of the relevant submissions of the parties.

[3] During the March 27th conference, the court provided further guidance to the parties with respect to documents as to which Utica asserts privilege. The court also provided direction as to how Utica should initially focus on particular document custodians in searching for relevant documents described in paragraphs A1 and A2.

observations of, and/or communications between, personnel of Utica, Resolute, and/or NICO (including in-house counsel), relating to direct coverage issues involving Utica/Burnham primary and umbrella policies relevant to the Utica/Burnham negotiations, in particular:

    a.    The alleged lack of explicit aggregate limits in the documentation of some of Utica's primary policies with Burnham.

    b.    The agreed-upon expansion of the coverage block to include Utica/Burnham primary policies before 1960.

    c.    The resolution of which umbrella policies covered defense costs within limits, and which did not.

    d.    Whether the Utica/Burnham umbrella policies for 1977 through 1985 covered defense costs at all.

    e.    Utica's ability to recoup or recover from Burnham for past payments of defense costs or orphan shares.

    f.    The allocation of future defense payments.

Defendant's motion for reconsideration (Dkt. No. 127) is otherwise **DENIED**.

    B.    R&Q's Letter Motion regarding R&Q's proposed deposition of John Roda, Esq. (Dkt. No. 134), is **GRANTED IN PART**, in that Utica's objections to that deposition are overruled.[4]  However, during the March 27th conference, the court ruled,

---

[4] Attorney Roda is not precluded by this Order from filing a motion for a protective order with respect to the deposition.

subject to the further guidance provided, that R&Q would not be permitted to question Attorney Roda with internal Utica/Resolute documents not previously disclosed to him by Utica/Resolute.[5]

    C.    The parties will, after conferring, submit a status report by April 13, 2018, requesting any revisions to the deadlines previously proposed at Dkt. No. 226-1, including the deadline for Utica to produce the supplemental discovery ordered herein.

Dated: March 27, 2017

                                               _____
                                               Hon. Andrew T. Baxter
                                               U.S. Magistrate Judge

---

[5] Counsel for R&Q agreed to limit his deposition questioning of Attorney Roda to 2 ½ hours.